UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THEOSHAMOND NORMAN (#407759)**   **CIVIL ACTION**

**VERSUS**

**CORNEL H. HUBERT, WARDEN, ET AL.**   **NO. 07-0387-JFP-DLD**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on November 3, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**THEOSHAMOND NORMAN (#407759)**                                  **CIVIL ACTION**

**VERSUS**

**CORNEL H. HUBERT, WARDEN, ET AL.**                              **NO. 07-0387-JFP-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's Motion to Withdraw, rec.doc.no. 24, which has been referred to the undersigned Magistrate Judge for a Report and Recommendation.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel H. Hubert, Secretary Richard Stalder and Governor Kathleen B. Blanco, complaining that the defendants have instituted a new policy at the prison, pursuant to which he has been subjected to unconstitutional conditions of confinement. Specifically, the plaintiff complains that, after being charged with disciplinary violations in November, 2006, and February 2007, he was placed on "Restrictive Cell Status" while awaiting disciplinary hearings. As a result of this new classification, he was subjected to restrictions and deprivations which, he asserts, violated his constitutional rights.

In the instant motion, the plaintiff asserts that prison officials have apparently determined that they will "no longer inforc[e] the policy for Restrictive Cell Status". Prior to such cessation, however, and because he does not wish for his claim to thereby become moot, the plaintiff seeks to have his lawsuit "withdrawn". The plaintiff's motion, however, is ambiguous because he prays therein "not to have [his] suit dismiss, but withdrawed". Accordingly, the Court interprets the plaintiff's motion, not as a motion for voluntary dismissal pursuant to Rule 41(2) of the Federal Rules of Civil Procedure, but rather as a motion to administratively stay proceedings in this case so that, in the event prison officials recommence enforcement of the Restrictive Cell policy, the plaintiff may reinstate this claim and continue with this proceeding.

The plaintiff's motion should be denied. Although the Court has the authority, in its

discretion, to administratively stay proceedings under certain circumstances, see Jackson v. Collins, 2007 WL 1671729 (E.D. Tex. June 8, 2007), an administrative stay is an unusual remedy, and the Court sees no reason to do so in the instant case.  A substantial part of the plaintiff's claim in this case is his prayer for compensatory and punitive damages resulting from deprivations allegedly occurring in 2006 and 2007 as a result of implementation of the Restrictive Cell policy. This claim for monetary damages relative to past events will not be affected by any alleged future cessation of the referenced policy.  There is therefore no justification for staying proceedings relative to this claim.  The defendants too are entitled to their day in court and should not be required to remain in juridical limbo merely because the plaintiff does not wish to proceed with his claim at the present time.  Further, the defendants have expended substantial time and effort in defending against the plaintiff's claim to date, having filed, inter alia, responses to discovery and a well-supported motion for summary judgment herein.  Accordingly, the Court should decline the plaintiff's request for an administrative "withdrawal" of his claim.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Motion to Withdraw, rec.doc.no. 24, be denied, and that this action be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on November 3, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**