UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEOSHAMOND NORMAN (#407759)            CIVIL ACTION

VERSUS

CORNEL H. HUBERT, WARDEN, ET AL.            NO. 07-0387-JVP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 17th day of March, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEOSHAMOND NORMAN (#407759)        CIVIL ACTION

VERSUS

CORNEL H. HUBERT, WARDEN, ET AL.        NO. 07-0387-JVP-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendant's Motion for Summary Judgment, rec.doc.no. 19. This motion is opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel H. Hubert, Secretary Richard Stalder and Governor Kathleen B. Blanco, complaining that the defendants instituted a policy at the prison in 2006, pursuant to which he was subjected to unconstitutional conditions of confinement. Specifically, the plaintiff complains that, after being charged with disciplinary violations in November, 2006, and February 2007, he was placed on "Restrictive Cell Status" while awaiting disciplinary hearings. As a result of this classification, he was subjected to restrictions and deprivations which he asserts violated his constitutional rights. By motion filed December 3, 2007, rec.doc.no. 5, the plaintiff voluntarily dismissed his claims against defendants Richard Stalder and Kathleen Blanco, leaving only Cornel Hubert as a defendant herein.

The defendant moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the record of the plaintiff's administrative remedy proceedings, a memorandum dated October 13, 2006 from Cornel H. Hubert to the "inmate Population" re: "Restrictive Cell Status", EHCC institutional Policy # 100-D5 (relative to "Segregation Units"), Disciplinary Reports dated May 23 and August 15, 2007 (charging the plaintiff with "Aggravated Sex Offenses"), a

Warden's Unusual Occurrence Report dated June 19, 2007, a copy of the Disciplinary rules and Procedures for Adult Inmates, several Restrictive Cell management Report/Check Lists, and the affidavits of Rhonda Z. Weldon, and defendant Cornel H. Hubert.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Initially, it is unclear from the plaintiff's Complaint whether he has sued defendant Hubert in his individual and/or his official capacity. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendant in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendant in his official capacity.

Turning to the plaintiff's claim against defendant Hubert in the defendant's individual capacity, the plaintiff alleges in his Complaint that, pursuant to a policy instituted at EHCC in 2006, inmates housed in certain areas of the prison who had been charged with certain egregious disciplinary violations were placed on Restrictive Cell Status ("RCS") pending their disciplinary board hearings. The plaintiff complains that Restrictive Cell Status amounts to a punishment prior to any finding of guilt by a disciplinary board and results in onerous deprivations and restrictions. Specifically, the plaintiff asserts that inmates housed on Restrictive Cell Status are required to wear spit masks whenever they are out of their cells and are not allowed to enjoy telephone privileges,

visitation privileges, or outdoor exercise. In addition, inmates are deprived of their personal property, personal clothing, religious items, bedding and hygienic supplies. Finally, inmates housed on Restrictive Cell Status are required to wear a paper gown, and if they damage this gown, are required to miss scheduled meals.

The Court concludes that the plaintiff's claim fails to rise to the level of a constitutional violation. Initially, to the extent that the plaintiff alleges that his due process rights were violated by his classification to Restrictive Cell Status, the law is clear that the classification of inmates in Louisiana is the duty of the Louisiana Department of Public Safety and Corrections, and inmates have no right to a particular classification under state law. McGruder v. Phelps, 608 F.2d 1023 (5th Cir. 1979). Moreover, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Based upon these well-settled legal principles, the Court cannot conclude that the plaintiff's constitutional rights were violated merely by his classification to Restrictive Cell Status for brief periods of time while disciplinary charges were pending against him.

The plaintiff's remaining claim is essentially that, as a result of the deprivations to which he was subjected while classified to Restrictive Cell Status, he was subjected to unconstitutional conditions of confinement. In this regard, however, it is well-settled that the Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in Estelle. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). A prison official acts with deliberate indifference when he is both aware of facts from which an inference may be drawn that a substantial risk of serious harm exists to an inmate, and when he in fact draws that inference.

Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). While some conditions of confinement may establish an Eighth Amendment violation "in combination", when each would not do so alone, this will occur only when these conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. Id.

In the Court's view, the plaintiff has failed to allege the deprivation of a single identifiable human need. Although he complains that he lived without personal property, personal clothing, hygienic items, religious materials and legal supplies for short periods of time while awaiting disciplinary board hearings, it is undisputed that these deprivations were brief, and he does not allege that any harm or injury resulted therefrom. Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Moreover, the decision relied upon by the plaintiff in support of his contentions, Maxwell v. Mason, 668 F.2d 361 (8th Cir. 1981), is not persuasive. The Maxwell case, which found an Eighth Amendment violation in strip cell confinement, has not been followed in this Circuit, see Smith v. McCleod, 946 F.2d 417 (5th Cir. 1991) (dismissing claim of seven days in a strip cell as frivolous), has not even been followed in the Circuit in which it was issued, see Williams v. Delo, 49 F.3d 442 (8th Cir. 1995)(noting disagreement with Maxwell), and was decided prior to the United States Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), which changed the methodology for evaluating Eighth Amendment conditions of confinement claims. Accordingly, in the absence of any allegation of actual injury or any allegation of the deprivation of a single identifiable human need, the plaintiff has failed to allege a claim which amounts to a constitutional violation. For this reason, his Complaint must be dismissed.[1]

---

[1] It further appears from recent pleadings filed by the plaintiff that prison officials may have recently elected to cease enforcement of the Restrictive Cell Status policy.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendant's Motion for Summary Judgment, rec.doc.no. 19, be granted, dismissing the plaintiff's claims, with prejudice, and that this action be dismissed.

Baton Rouge, Louisiana, this 17th day of ~~January~~ March, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE